UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LEROY DORSEY,

                Plaintiff,

v.                               No. 10-CV-1030
                                     (DNH/CFH)

DON BEEBEE, Sergeant; LARRY COGH, Officer;
S. GROOM, Officer; DR. KARANDY; CHAMBERLAND,
R.N.; SERGEANT COLLINS; FRANK "DOE", Officer,
3-11 P.M. Shift; J. VITA; JANE (BOBBY) DOE, R.N.;
LIPKA, R.N.; TED "DOE", R.N.; and CARPENTER,

                Defendants.

---

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| LEROY DORSEY<br>97-A-3442<br>Plaintiff Pro se<br>Elmira Correctional Facility<br>P.O. Box 500<br>Elmira, NY 14902 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the<br>  State of New York<br>Attorney for Defendant<br>The Capitol<br>Albany, New York 12224-0341 | KEITH A. MUSE, ESQ.<br>Assistant Attorney General |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Leroy Dorsey ("Dorsey"), an inmate in the custody of the New York

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two named officers and one unnamed "Doe" officer at Great Meadow Correctional Facility ("Great Meadow C.F."), violated his constitutional rights under the Eighth Amendment. Am. Compl. (Dkt. No. 67). Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 77. Dorsey opposes the motion. Dkt. No. 79, 81. For the following reasons, it is recommended that defendants' motion be denied.

## I. Background

### A. Procedural Background

Plaintiff Leroy Dorsey ("Dorsey") commenced this civil rights action by filing his complaint pro se. Dkt. No. 1. Dorsey also filed an application to proceed in forma pauperis, which was granted by Decision and Order filed February 8, 2011 ("February Order"). Dkt. Nos. 7, 39.

Subsequent to the screening process, some of Dorsey's claims were dismissed with prejudice and some without prejudice. Dkt. No. 39. Due to his pro se status, Dorsey was allowed to submit an amended complaint within thirty days of the filing of the February Order. Id. Despite numerous attempts of the Court and the Clerk to provide Dorsey with the February Order at his address of record – the Elmira Correctional Facility ("Elmira C.F.") – Dorsey refused for months to accept it. Dkt. Nos. 42, 45-47, 54, 56. By Text Order dated February 24, 2011, now retired United States Magistrate Judge David R. Homer sua sponte granted Dorsey an extension of time to comply with the February Order by March 31, 2011.

2

See Text Order, Dkt. Sheet Dated 02/24/2011.  Several additional orders demanded Dorsey's compliance with and several additional extensions of time to amend his complaint were granted regarding the February Order.  Dkt. Nos. 45-47, 54-56.

Dorsey otherwise continued to correspond with the Court concerning this action.  See Dkt. Nos. 43-44, 48-50.   Dorsey asserted that he was experiencing mail interference at Elmira C.F.  Dkt. Nos. 43-44, 48-50.  By Decision and Order dated December 6, 2011, in light of Dorsey 's status as a pro se litigant, the Court granted him additional time to submit the amended complaint requested in the February Order.  Dkt. No. 57.   Dorsey made a motion seeking appointment of counsel and relief on several grounds.  Dkt. No. 66.  On June 7, 2012, Dorsey filed an amended complaint.  Am. Compl. (Dkt. No. 67) at 5.

After a review of Dorsey's amended complaint, by Decision and Order filed March 7, 2013, several of Dorsey's claims were dismissed and many of the defendants were terminated.  Dkt. No. 69.  Dorsey's first and second causes of action failed to set forth a claim for relief, consisting of several factual and legal conclusions but failing to connect specific defendants to specific wrongdoing.  Dkt. No. 69 at 6-7.  Therefore, the first and second causes of action were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 69 at 6-7.

Dorsey's third cause of action included claims for deliberate indifference towards his civil rights and serious medical needs, wrongful placement in the facility's hospital, cruel and unusual punishment, retaliation, verbal harassment, and excessive force.  Dkt. No. 69 at 8-13. Each of these claims was dismissed with the exception of the excessive force claim.  Dkt. No. 69 at 8-13.  The Court ordered defendants Sergeant C.S. Collins, Frank "Doe", and S. Groom to respond to Dorsey's excessive force claim.  Dkt. No. 69 at 13.  The

3

Court also alerted Dorsey that he must take steps to identify Frank 'Doe' through discovery before he can be served, and if Dorsey failed to ascertain the identity of Frank "Doe", the action would be dismissed as to that defendant due to lack of timely service of process. Dkt. No. 69 at 13. Dorsey submitted a letter filed March 18, 2013 with the Court requesting the last name of the Frank "Doe" defendant.[2] Dkt. No. 71.

### B.  Present Complaint

As to the excessive force claim currently pending before the Court, Dorsey alleges that in October of 2010, defendants Sergeant C.S. Collins, Frank "Doe", and S. Groom subjected him to excessive force by acting "maliciously" and "sadistically" toward him, causing "serious unnecessary wanton infliction of pain and physical injuries." Am. Compl. (Dkt. No. 67) at 5. On the evening of October 2, 2010, the defendants punched Dorsey in the head and body, and one of the defendants bent and twisted his leg and ankle. Reply Mot. (Dkt. No. 79) at 2. This conduct lasted for approximately five minutes, during which time Dorsey yelled in pain and asked for help. Id. at 2.

The defendants proceeded to handcuff Dorsey and "drag" him out of his cell. Reply Mot. (Dkt No. 79) at 2. Dorsey alleges these actions by the defendants were captured by the "F-1-4 and F-1-6 video cameras." Am. Compl. (Dkt. No. 67) at 5; Reply Mot. (Dkt. No. 79) at 2. One of the defendants put a "net cloth object" over Dorsey's head and forced

---

[2] Plaintiff Dorsey is reminded that a John Doe plaintiff cannot be served. Therefore, Dorsey is instructed that if he has in fact obtained the identity of Frank "Doe" pursuant to his letter filed with the Court on March 18, 2013, he must amend his complaint to properly name him or her as plaintiff herein so that the Court can order him service. If Dorsey fails to ascertain the identity of the Doe plaintiff as to permit timely service, the action against the Doe plaintiff will be dismissed. Fed. R. Civ. P. 4(m).

4

Dorsey's face down on a "hard-stretcher" while the defendants continued to punch his head and body. Reply Mot. (Dkt. No. 79) at 2. The defendants then brought the stretcher through an "exit door"; once the door closed, the defendants dropped the stretcher and continued to punch Dorsey in the head and body while he yelled in pain. Id. This lasted for about five minutes. Id. Afterward, the defendants brought the stretcher to the hospital while continuously punching Dorsey "all over." Id. at 2-3. Once at the hospital, Dorsey alleges that "R.N. Ted" refused to send Dorsey to another hospital or to take pictures of Dorsey. Id. at 3.

On October 7, 2010, while Dorsey was still in the hospital, the defendants punched him in the body, arms, and legs while Dorsey remained handcuffed. Reply Mot. (Dkt. No. 79) at 3. Dorsey alleges that "R.N. Ted" was "given a signal" before this conduct occurred, left the room while it occurred, and upon return did not examine Dorsey for any injuries. Id. at 3. As a result of these altercations, Dorsey alleges injuries including swelling of his brain, eye, face, wrists, legs, ankles, and body, bleeding from his mouth, wrists, face, and eye area, and a cracked tooth. Am. Compl. (Dkt. No. 67) at 5.

## II. Discussion

Viewing the facts in the light most favorable to the plaintiff, Dorsey contends that his Eighth Amendment rights were violated when defendants Sergeant C.S. Collins, Frank "Doe", and S. Groom used excessive force against him. Defendants contend that Dorsey's Complaint is legally insufficient and fails to allege the personal involvement of either defendant Sergeant C.S. Collins or S. Groom.

## A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "plausible on its face." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 680.

Consideration of a motion to dismiss "is limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citations omitted). However, there are instances

6

where the court may consider documents outside those previously referenced, including when the documents are only "partially quoted in [the] complaint . . .; integral to [the] complaint . . .; [or] relied upon . . . in drafting the complaint . . . ." Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) (internal quotation marks and citations omitted). Specifically, the following documents may be considered when construing a complaint's pleading sufficiency:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, . . . and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

Weiss v. Incorp. Village of Sag Harbor, 762 F. Supp.2d 560, 567 (E.D.N.Y. 2011) (citations omitted).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

7

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)). It follows that,

> the mandate to read the papers of pro se litigants generously makes it appropriate to consider a plaintiff's paper in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.

Robles v. Bleau, No. 07-CV-0464, 2008 WL 4693153, at *6 & n.41 (N.D.N.Y. Oct. 22, 2008) (collecting cases) (attached to this report-recommendation).

### B. Personal Involvement

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which

8

unconstitutional practices occurred, or allowed the continuance of such a policy or custom;

(4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or

(5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).[3]

Defendants contend that Dorsey's complaint does not establish personal involvement on the part of either of the moving defendants because Dorsey's complaint does not connect any specific facts of involvement with the defendants. Defendants' Mem. of Law (Dkt. No. 77) at 6-7. However, Dorsey consistently claims that defendants Sergeant C.S. Collins and S. Groom were personally involved in subjecting him to excessive force, by acting "maliciously" and "sadistically" toward him, causing "serious unnecessary wanton infliction of pain and physical injuries." Am. Compl. (Dkt. No. 67) at 5. Dorsey states that on October 2, 2010, both defendants participated in punching Dorsey in the head and body, twisting and bending Dorsey's leg and ankle, and forcing him onto a stretcher where they

---

[3] Various courts in the Second Circuit have postulated how, if at all, the Iqbal decision affected the five Colon factors which were traditionally used to determine personal involvement. See McCarroll v. Fed. Bureau of Prisons, No. 08-CV-1343 (DNH/GHL), 2010 WL 4609379, at *4 (N.D.N.Y. Sept. 30, 2010) (noting that although the Second Circuit has not yet addressed Iqbal's impact on the five Colon factors, several district courts have done so); Kleehammer v. Monroe County, 743 F. Supp. 2d 175 (W.D.N.Y. 2010) (holding that "[o]nly the first and part of the third Colon categories pass Iqbal's muster . . . ."); D'Olimpio v. Crisafi, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010) (disagreeing that Iqbal eliminated Colon's personal involvement standard).

9

continued to punch him "all over" on the way to the hospital. Reply Mot. (Dkt. No. 79) at 2. Dorsey also specifically states that on October 7, 2010 both defendants punched him in the body, arms, and legs while Dorsey remained handcuffed in the hospital. Dorsey's claims against the defendants as such allege direct personal involvement in the alleged constitutional violations. Accordingly, defendants' motion to dismiss on this ground is denied.

### C. Excessive Force

Inmates enjoy an Eighth Amendment protection against the use of excessive force and may recover damages for its violation under § 1983. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999).

The objective element is "responsive to contemporary standards of decency" and requires a showing that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection." Hudson, 503 U.S. at 9 (internal citations omitted); Blyden, 186 F.3d at 262. However, "the malicious use of force to cause harm constitute[s an] Eighth Amendment violation per se" regardless of the seriousness of the injuries. Blyden, 186 F.3d at 263 (citing Hudson, 503 U.S. at 9). "The Eighth Amendment's prohibition of 'cruel

10

and unusual' punishment necessarily excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10 (citations omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Sims, 230 F.3d at 22 (citation omitted).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness." Sims, 230 F.3d at 21 (citation omitted). The wantonness inquiry "turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. (quoting Hudson, 503 U.S. at 7). In determining whether defendants acted in a malicious or wanton matter, the Second Circuit has identified five factors to consider: "the extent of the injury and the mental state of the defendant[;] . . . the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by defendants to temper the severity of a forceful response." Scott v. Coughlin, 344 F.3d 282, 291 (2d Cir. 2003) (internal quotation marks and citations omitted).

In this case, defendants contend that Dorsey's complaint is legally insufficient because it is void of any factual information and is merely a partial recitation of the elements of an Eighth Amendment violation. Defendants' Mem. of Law (Dkt. No. 77) at 6. Defendants' request for dismissal is based solely on the information alleged in Dorsey's amended complaint. However, Dorsey's claims have been supplemented by two reply motions to defendants' motion to dismiss, and the Court may take these into consideration

if the factual allegations are consistent with those in Dorsey's amended complaint. See Robles v. Bleau, No. 07-CV-0464, 2008 WL 4693153, at *6 & n.41 (N.D.N.Y. Oct. 22, 2008) (collecting cases) (attached to this report-recommendation). In his reply motions, Dorsey contends that on October 2, 2010, the defendants entered his cell and assaulted him by punching him in the head and body and twisting and bending his legs and ankles. The defendants handcuffed him, covered his face, forced him onto a stretcher, and continued to punch his head and body. The assault continued while the defendants brought him to the hospital. Dorsey further contends that on October 7, 2010, the defendants returned to the hospital and assaulted him once more, punching him in his legs, arms, and body while he was handcuffed to a stretcher. Reply Mot. (Dkt. No. 79) at 2.

Drawing all reasonable inferences in Dorsey's favor, this assault was unprovoked. The defendants' use of force against Dorsey in response to Dorsey's non-threatening behavior could be deemed malicious or sadistic. The events as described by Dorsey could plausibly represent a per se constitutional violation where the defendants acted with malicious or sadistic intent. When the combination of Dorsey's amended complaint and his two reply motions are taken into consideration, Dorsey has sufficiently alleged excessive force claims against the defendants. Accordingly, the defendants' motion on this ground should be denied.

### V. Conclusion

For the reasons stated above, it is hereby:

12

1. **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 77) be:

   A. **DENIED** as to the failure to allege the personal involvement of defendants Grooms and Collins; and

   B. **DENIED** as to the failure to bring a claim for excessive force.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 9, 2013
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge